UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 05-393-EBA

UNITED STATES OF AMERICA, PLAINTIFF,

V.

**MEMORANDUM OPINION AND ORDER**

CAROLYN SUE DAVIS, OTIS DAVIS and J & J MEDICAL, INC., DEFENDANTS.

## I. INTRODUCTION

The instant matter is one brought by the Plaintiff, United States of America, alleging that the Defendants, Carolyn Sue Davis, Otis Davis and J & J Medical, Inc., committed various violations of the False Claims Act, 31 U.S.C. § 3739, and seeking to recover damages as a result. [R. 1]. The matter is now pending on the Plaintiff's Motion for Summary Judgment. [R. 29]. Fully briefed, the matter is ripe for review.

## II. FACTUAL & PROCEDURAL BACKGROUND

The basic facts of the instant matter, as alleged in the Plaintiff's complaint, are not in dispute.[1] In substance, the United States asserts that the Defendants "devised and participated in a scheme to defraud Medicare from December 1999 to August, 2003." [R. 1]. Specifically, the United

[1] The Defendants filed an Answer [R. 5]. which does not deny the allegations of the Plaintiff's Complaint. Rather, the Defendants assert that they were convicted of criminal charges relating to the allegations of this civil action, and that as the matter was on appeal when the Answer was filed, they asserted their rights under the Fifth Amendment not to make a statement. [R. 5]. The Defendants' conviction was subsequently affirmed by the Sixth Circuit, but the Defendants have not amended their answer.

States alleges that the Defendants conspired together to falsify pulse oximetry test results to qualify patients for oxygen; falsified Certificates of Medical Necessity ["CMN"] to qualify patients for oxygen; and fraudulently billed and received payment from the federal government for oxygen supplies and related services. [R. 1]. For relief, the United States seeks an award of treble damages, penalties and costs. [R. 1]. The argument of the United States focuses primarily on the fact that on August 25, 2005, based on the conduct described above, the Defendants were convicted of health care fraud in Pikeville criminal matter 05-12-DCR. On December 19, 2005, the Defendants were both sentenced by Judge Danny C. Reeves. [05-12-DCR, R. 83, 85]. They subsequently appealed to the Sixth Circuit Court of Appeals, which affirmed their conviction. United States v. Davis, 490 F.3d 541 (6th Cir. 2007).

Defendants Otis Davis and J & J Medical did not respond to the Plaintiff's motion for summary judgment. In her Response to the Motion for Summary Judgment, [R. 32], Defendant Carolyn Sue Davis asserts that she did not knowingly or intentionally try to defraud anyone, but signed CMNs containing information supplied by two individuals, Phyllis Blair and Letha Justice who obtained the information from Dr. Sundaram. [R. 32]. In addition, she maintains that all individuals who received oxygen from J & J Medical actually received oxygen and needed it. [R. 32].

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial

responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

While the court must view all facts in the light most favorable to the non-moving party and give him or her the benefit of all reasonable inferences that can be drawn from the facts, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), the non-moving party cannot avoid summary judgment merely by resting on the pleadings. See Celotex, 477 U.S. at 324. Instead, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In other words, "the nonmoving party must present 'significant probative evidence' to show that 'there is [more than] some metaphysical doubt as to the material facts.'" Dixon v. Gonzales, 2007 WL 750532 (6th Cir. 2007) (citing Moore v. Phillip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993)). Thus, where the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 586-87.

Additionally, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, "[t]he nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." In re Morris, 260 F.3d 654, 665 (6th Cir. 2001).

## IV. ANALYSIS

The Plaintiff argues several grounds upon which summary judgment should be granted: (1) The Defendant's answer is deficient under FRCP 12(b); (2) The evidence is so overwhelmingly one-

sided that summary judgment should be granted; (3) The Defendant's conviction estops them from contesting liability in the instant action; and, in regard to damages, (4) The False Claims Act entitles the Plaintiff to recover treble damages against the Defendants. [R. 29]. Defendant Carolyn Davis responds to the Plaintiff by arguing that there are factual disputes regarding her role in the conduct underlying the conviction, and that any fine in the present circumstances would be punitive. [R. 32 at 7]. Defendants Otis Davis and J & J Medical, Inc. did not respond to the Plaintiff's Motion for Summary Judgment.

The arguments contained in the Plaintiff's Motion for Summary Judgment will be addressed separately as they relate to the liability of each defendant, and as to damages under the False Claims Act.

**A. Defendants Otis Davis and J & J Medical, Inc.**

Defendants Otis Davis and J & J Medical, Inc., did not file a response to the Plaintiff's Motion for Summary Judgment. According to Federal Rule of Civil Procedure 56(e):

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. *If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.*

Fed. R. Civ. Pro. 56(e)(2) (emphasis added). According to Rule 56(e), a party who decides not to respond to a motion for summary judgment, risks having judgment entered against them if the court finds that it is appropriate to do so. Sixth Circuit precedent clearly permits lower courts to enter summary judgment where a motion for summary judgment goes unanswered. See Cacevic v. City of Hazel Park, 226 F.3d 483 (6th Cir. 2000); Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984). Furthermore, courts have consistently held that motions for summary judgment can be granted

for failure to respond, even in cases where the non-responding litigant was not represented by counsel. See, e.g., Dickerson Const. v. National Home Ins. Co., 2008 WL 466241 (E.D. Ky. 2008) (slip copy); Shy v. Bhatt, 909 F.2d 1484 (6th Cir. 1990).

In the present case, and in accordance with Fed. R. Civ. Pro. 56(e), this Court finds that it is appropriate to enter summary judgment against Defendants Otis Davis and J & J Medical, Inc., due to their failure to respond to the Plaintiff's Motion for Summary Judgment. [R. 29]. As discussed further, *infra*, the Plaintiff made a sufficient showing that there is no genuine issue of material fact that would warrant taking this action to trial. The Defendants did not identify any genuine issues of material fact, and summary judgment is, therefore, appropriate.

**B. Defendant Carolyn Sue Davis**

Unlike the other defendants in this matter, Defendant Carolyn Sue Davis filed a Response to Motion for Summary Judgment. [R. 32]. In her response, Mrs. Davis asserts that there are factual disputes concerning her involvement in the operations of J & J Medical, as well as disputes about who was directly responsible for the conduct underlying both her criminal conviction and the present matter. [R. 32 at 7]. The Defendant also relies upon the fact that the miners who were supplied with oxygen through J & J Medical actually needed it. [Id.]. This response fails to assert a genuine issue of material fact for trial, and summary judgment is also appropriate against Defendant Carolyn Sue Davis.

The Defendant does not cite any legal authority in her memorandum, nor does she provide any affidavits or other new evidence in order to attempt and create a genuine issue of material fact. Rather, she relies exclusively on testimony from her criminal case to claim that there are disputes that preclude summary judgment. The Defendant was convicted of 12 counts of health care fraud in

the criminal trial, and the jury did not acquit her of any counts in said case. [7:05-cr-12-DCR, R. 83]. The Defendant essentially asks this Court to review the evidence underlying her criminal conviction, and come to a conclusion that is diametrically opposed to that made by the jury.

Basic principles of collateral estoppel prevent this Court from re-litigating issues that were decided against the Defendant in a previous criminal trial. Smith v. S.E.C., 129 F.3d 356, 362 (6th Cir. 1997) (conviction for insider trading creates situation where "[i]n order to prevail in the civil action, the SEC now needs only to move for summary judgment on the basis of the collateral estoppel effect of that conviction."); Gray v. Comm'r of Internal Revenue, 708 F.2d 243, 246 (6th Cir. 1983) (conviction for tax evasion "conclusively establishes fraud in a subsequent civil tax fraud proceeding through application of the doctrine of collateral estoppel"). The result urged by the Defendant would necessarily ignore the findings that were essential to the jury's verdict, and this Court will not disturb the findings made in the criminal case. To determine whether collateral estoppel applies in a later action, the Sixth Circuit employs the following test:

(1) The issue in the subsequent litigation is identical to that resolved in the earlier litigation;
(2) The issue was actually litigated and decided in the prior action;
(3) The resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation;
(4) The party to be estopped was a party to the prior litigation (or in privity with such a party); and
(5) The party to be estopped had a full and fair opportunity to litigate the issue.

Verizon North Inc. v. Strand, 367 F.3d 577, 583 (6th Cir. 2004); see also, 31 U.S.C. § 3731(d) (False Claims Act mandates estoppel in civil action following a criminal conviction).

With this test in mind, the Court finds that collateral estoppel prevents the Defendant from making any challenges regarding the conduct that was actually litigated in criminal case 05-12-DCR.

The Defendant cannot challenge any of the evidence regarding the fraudulent CMNs that were the foundation for the twelve criminal counts of health care fraud, as the jury found beyond a reasonable doubt that the Defendant committed said crimes. See In re Cassidy, 213 B.R. 673, 678-79 (Bankr. W.D. Ky. 1997) (False Claims Act estopped Defendant from denying that he committed Medicare fraud, where he entered a guilty plea in a criminal action).

Furthermore, the prior criminal conviction estops the Defendant from asserting that there is a genuine issue of material fact regarding her involvement in the day-to-day operations of J & J Medical, Inc. [R. 32 at 7]. The jury in the criminal trial necessarily had to find that Mrs. Davis was heavily involved in the day-to-day operations of the business, or it would not have been able to convict her of engaging in health care fraud. The Defendant had a full and fair opportunity to litigate, and did actually litigate, her level of involvement in the actual operations of J & J Medical. In order to convict the Defendant of health care fraud, the jury necessarily had to find that she was involved in the day-to-day operations of the business. In the present action, the Defendant would be introducing the same evidence regarding her general connections, or lack thereof, with the business. As the Supreme Court has stated, "the whole premise of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 n.23 (1979). The jury sitting in the criminal case found that Mrs. Davis was involved in the operations of J & J Medical; thus, she is estopped from claiming that her alleged lack of involvement creates a genuine issue of material fact in the present action.

The Defendant also asserts that there is a genuine issue of material fact regarding "who was responsible for the submission of the forms at issue to Palmetto." [R. 32 at 7]. This could potentially

create a genuine issue of material fact, as the criminal convictions in 05-12-DCR only involved a handful of the fraudulent CMNs; therefore, collateral estoppel does not prevent the Defendant from raising issues regarding the submission of CMNs that were not at issue in the criminal case. However, in the context of a motion for summary judgment, it is incumbent upon the non-moving party to "direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." In re Morris, 260 F.3d 654, 665 (6th Cir. 2001). The Defendant has not provided any specific information regarding who may have been responsible for the submission of the CMNs; rather, she simply states that there are "disputes" regarding who actually submitted the forms. A conclusory statement that a dispute exists, absent specific citation to the record, is insufficient to raise a genuine issue of material fact. In the absence of a genuine issue of material fact, the Court finds that the Plaintiff's motion for summary judgment should be granted as to Carolyn Sue Davis.

**C. Damages**

The False Claims Act permits the United States to recover three times the amount of actual damages suffered by the United States. 31 U.S.C § 3729(a). The criminal court made a finding that the total loss suffered by the Department of Health and Human Services was $171,933.00, and ordered the Defendants to pay restitution in that amount. [05-12-DCR, R. 83, 85]. The amount of restitution ordered in a criminal case reflects the amount of actual loss suffered, and can be used in a subsequent action under the False Claims Act to determine the appropriate amount of damages. See, United States v. Szilvagyi, 398 F. Supp. 2d 842, 849-50 (E.D. Mich. 2005). In addition, the amount of restitution ordered in a criminal action is credited towards the treble damages.

The criminal court made a finding of actual loss in the amount of $171,933.00; in the present

action, the United States seeks damages based on a finding of actual loss in the amount of $166,775.14. According to the Plaintiff, the difference in these amounts is based on a different range of dates in the criminal case and this civil action. The Plaintiff seeks to double the amount of actual loss, for a total of $333,550.28, in order to recover the treble damages permitted by the False Claims Act. None of the Defendants challenge the Plaintiff's computation of damages, and this Court, therefore, finds that an award of $333,550.28 is appropriate in the present action.

The Plaintiff also seeks penalties against the Defendants in the amount of $100,000. [R. 29 at 7-8]. The False Claims Act provides that, in addition to treble damages, the United States may recover a civil penalty of between $5,000 and $10,000 for each violation. 31 U.S.C. § 3729(a). The Plaintiff notes that there were 1,629 false claims submitted, and that the maximum civil penalty under the False Claims Act would amount to over $16 million. [R. 29 at 7]. Defendant Carolyn Davis claims that the $100,000 penalty in this situation is punitive; the Defendant cites no case law to support this proposition. Absent any specific argument from the Defendant regarding why such a penalty is impermissible, the Court agrees with the United States that it is not punitive under the circumstances.

## V. CONCLUSION

Accordingly, and for the reasons stated above, it is hereby ordered as follows:

(1) That the Plaintiff's Motion for Summary Judgment [R. 29], is GRANTED as to the liability of all Defendants.

(2) That the Plaintiff's Motion for Summary Judgment [R. 29], is GRANTED as to the amount of damages. The Defendants are jointly and severally liable in the amount of $433,550.28, of which $333,550.28 represents treble damages under the False Claims Act, and $100,000

represents civil penalties assessed under the same.

Signed April 11, 2008.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
Signed By:
Edward B. Atkins
EBA
United States Magistrate Judge

10